# Lovell *v.* Felkins.

## *Bill to Enforce a Trust.*

(Decided February 13, 1913. 61 South. 262.)

1. *Trusts; Resulting; Right to Enforce.*—Where land was owned in undivided interests by a mother and her son, and the mother was illiterate and reposed absolute confidence in her son, and he misled her to believe that their common funds had been used to discharge a lien against the lien, when in fact, he permitted the land to be sold under the lien to one from whom he afterwards purchased in his own name and without his mother's knowledge, the mother's right to enforce a trust as to a one-half interest in the proceeds of the sale, made by the son, is shown.

2. *Same.*—Under the facts in this case, the complainant had a reasonable time, after discovery of the fraud, within which to file a bill to enforce the trust.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Bill by Jane Felkins against John H. Lovell, praying a decree to enforce a trust in the lands and in the notes and mortgages given to secure deferred payments, for an accounting, and for general relief. From a decree overruling demurrers to the bill, respondent appeals. Affirmed.

ERNEST LACY, for appellant. The bill did not sufficiently allege the fact constituting the fraud.—*Bell v. Sou. H. B. & L. Co.,* 140 Ala. 377; *Scholze v. Steiner,*

100 Ala. 152. Constructive trusts are barred after ten years.—*Parks v. Lide,* 135 Ala. 131. The facts here stated do not show a resulting trust.—*Bibb v. Hunter,* 79 Ala. 351. The bill does not offer to do equity.— *Marks v. Clisby,* 130 Ala. 502. One tenant in common is not liable to another for rents.—*West v. West,* 90 Ala. 453; *Gayle v. Johnson,* 80 Ala. 395.

GUNN & POWELL, for appellee. Complainant had a reasonable time after the discovery of the fraud within which to file a bill.—*Randolph v. Vails,* 180 Ala. 82. The facts sufficiently show fraud, and a right in complainant to have a resulting trust in the property enforced.

DE GRAFFENRIED, J.—Jane Felkins, who is an illiterate woman, is the mother of John H. Lovell. The mother and the son appear to have lived together in the same house, on 406 acres of land which they bought from J. C. Johnson and wife on the 15th day of November, 1890. The deed from Johnson and wife to said parties recites a consideration of $1,700, and the deed conveys the land to said parties as tenants in common, each to own and possess an undivided one-half interest in said land.

It appears that said parties did not pay all of the purchase money for the land, and that on or about the 8th day of February, 1893, the said Johnson filed his bill in the chancery court of Walker county against said parties for the purpose of establishing a lien upon the said lands for the payment of the unpaid purchase money, and of having the lands sold for its payment. It appears that the said cause regularly proceeded to a final decree in which it was decreed that said Johnson had a vendor's lien upon the said land for the sum of $171.90 and the costs, and the lands were ordered to

be sold for the payment of said amount and the costs. It appears that the lands were sold by the register, under the orders of the chancery court, for the satisfaction of the decree, on the 26th day of August, 1895, and that E. O'Rear bought the lands at the sale for the sum of $208.10, and that the lands were regularly conveyed to the said O'Rear by the register, under the orders of the chancery court, by a deed dated August 26, 1895. It further appears that on April 12, 1897, E. O'Rear and wife conveyed the said lands to John H. Lovell by a deed which recites a consideration of $175, and that on the 30th day of August, 1911, John H. Lovell and wife conveyed the said lands to G. T. Taylor in consideration of $200, and $3,550 to be paid in the future; the payment of the $3,550 being secured by a mortgage on said lands.

1. This bill was filed by Jane Felkins, the mother, against the said John H. Lovell, the son, and prays that she be decreed a half interest in the purchase price of said lands, and that she be decreed to be a half owner in said deferred purchase money of $3,550, and for other appropriate relief.

Mrs. Felkins alleges in the bill that she is illiterate; that she reposed perfect confidence in her said son; that she lived with him in the same house on said land from the time they bought it until it was sold by her son on August 30, 1911; that she knew that there was a balance due Johnson on the lands, and knew that Johnson sued them for said balance and had obtained a decree ordering the lands to be sold for the amount so due him; that it was agreed between her and her son that he should "take the rents, income, or proceeds of the crops of said land to satisfy and pay off said indebtedness;" that her said son "did take so much of the crops, rents, or incomes of said lands and left home to

go to Jasper, the county seat, to pay off said amount;" that she "owned and was entitled to an undivided one-half interest in and to said land, crops, incomes, or proceeds of said crops or incomes; that she trusted her said son to apply the crops or incomes, or proceeds of said crops or incomes, to the payment of said decree;" that, in utter disregard of his agreement, the son did not apply said crops, rents, or incomes to the payment of said decree, but that he, without her knowledge, permitted the lands to be sold and bought by O'Rear; that he afterwards repurchased the lands from O'Rear without her knowledge; and that she knew nothing of the sale of the lands under the above-mentioned decree or of the O'Rear purchase, or of the sale by O'Rear to her son until her said son, on August 30, 1911, sold the said lands to said G. T. Taylor.

If the allegations of the bill are true, Mrs. Felkins was, from the summer of 1895 to August 30, 1911, kept in blissful ignorance by her son of the fact that he did not, on the occasion above mentioned, when he went to Jasper, pay off the decree, or that the lands were ever sold, or that her title to an undivided one-half interest was in any way involved. If the allegations of Mrs. Felkins' bill are true, her son perpetrated a fraud upon her; and a court of equity is the court to which she has a right to appeal for the proper relief.

She had a reasonable time, after the discovery of the fraud, within which to file the present bill. This she has done.—*Randolph v. Vails,* 180 Ala. 821, 60 South. 159.

The demurrers to the bill were not well taken. The decree of the court below is affirmed.

Affirmed.

Dowdell, C. J., and Anderson and Mayfield, JJ., concur.